IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TERRELL L. CLEMENTS and PAMELA CLEMENTS, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE & CASUALTY COMPANY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:23-cv-00034-RJS-JCB <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Jared C. Bennett |

    Now before the court is Defendant State Farm Fire & Casualty Company's (State Farm) Motion to Strike Plaintiffs' Expert Disclosures[1] and Motion for Summary Judgment.[2] This case arises from a dispute between Plaintiffs Terrell and Pamela Clements and their insurer, State Farm, about whether damage to Plaintiffs' roof was caused by a September 2019 hailstorm and therefore covered under their homeowners insurance policy.

    In the Motion to Strike, State Farm seeks to bar the testimony of two of Plaintiffs' designated expert witnesses, Dave Southam and Amber Hawkins. In the Motion for Summary Judgement, State Farm seeks dismissal of both of Plaintiffs' claims: breach of contract and breach of the duty of good faith and fair dealing. For the reasons explained below, State Farm's Motion to Strike is DENIED as moot and its Motion for Summary Judgment is GRANTED.

---

[1] Dkt. 14, *Defendant's Motion to Strike Plaintiffs' Expert Disclosures* (*Motion to Strike*).

[2] Dkt. 13, *Defendant's Motion for Summary Judgment* (*Motion for Summary Judgment*).

1

## FACTUAL BACKGROUND[3]

Several years ago, State Farm issued a homeowners insurance policy to Plaintiffs with an effective policy period of October 15, 2018, to October 15, 2019.[4] The Policy conditioned coverage on Plaintiffs' compliance with all applicable provisions of the Policy.[5] One of these provisions assigned Plaintiffs certain duties "[a]fter a loss to which this insurance may apply."[6] Relevant here, these duties required Plaintiffs to "give immediate notice" to State Farm after a potentially covered loss and to submit "within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief . . . the time and cause of loss."[7] Further, the Policy only applied to losses occurring "during the period this policy is in effect."[8]

In September 2019, Plaintiffs experienced a hailstorm at their property.[9] The storm was "vicious" and so strong Plaintiffs "thought the windows were going to break."[10] Following the storm, Plaintiffs had to clean trees and debris from their yard but did not inspect their roof or confirm whether the storm did any damage to the roof.[11] In April 2022, Plaintiffs contacted

---

[3] Unless otherwise stated, the following facts are material and not genuinely in dispute. They are drawn from the parties' summary judgment briefing and attached exhibits. *See generally* Fed. R. Civ. P. 56(c). Because this Order resolves a motion for summary judgment, the court "consider[s] the evidence in the light most favorable to the non-moving party." *Duvall v. Georgia-Pac. Consumer Prods., L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010) (quotation simplified). The court provides only the factual background relevant to the present Motion.

[4] Dkt. 15, *Opposition to Defendant's Motion for Summary Judgment* (*Summary Judgment Opposition*) at 2.

[5] *Id.* (citing Dkt. 13-2, *Exhibit B: Policy* (*Policy*) at 010).

[6] *Id.*

[7] *Id.* at 2–3 (quoting *Policy* at 022).

[8] *Id.* at 3 (quoting *Policy* at 028).

[9] *Id.*

[10] *Id.* at 8. Plaintiffs offer this in an objection to State Farm's Statement of Facts. For these purposes, the court need not resolve whether the objection presents a genuine dispute of material fact and accepts Plaintiffs' characterization as true.

[11] *Id.* at 3–4.

2

Dave Bethers from Roof Rescue to inspect their roof after noticing several neighbors had recently replaced theirs.[12]

Bethers conducted an inspection on April 4, 2022, and identified damage throughout the roof which he attributed to the September 2019 hailstorm.[13] He instructed Plaintiffs to file a claim with State Farm with a loss date of September 2019.[14] Plaintiffs did so on April 12, 2022.[15] On May 5, 2022, an inspector from State Farm examined Plaintiffs' roof and found, contrary to Bethers, the damage was consistent with wear and tear, not hail damage.[16] State Farm denied coverage for Plaintiffs' claim, stating its "inspection did not reveal any covered accidental direct physical loss to your roof."[17]

## PROCEDURAL BACKGROUND

On September 9, 2022, Plaintiffs filed suit against State Farm in Utah's First Judicial District Court, bringing two causes of action: (1) breach of contract and (2) breach of the duty of good faith and fair dealing.[18] On March 29, 2023, State Farm removed the case to this court.[19]

State Farm filed a Motion for Summary Judgment on March 1, 2024 seeking dismissal of Plaintiffs' claims.[20] In its Opposition, Plaintiffs withdraw their claim for breach of the duty of

---

[12] *Id.* at 4.

[13] *Id.* at 5–6 (citing Dkt. 15-1, *Exhibit A: Declaration of David Bethers* (*Bethers Declaration*) ¶ 10).

[14] *Id.* at 6.

[15] *Id.*

[16] *Id.* Plaintiffs admit State Farm entered this claim note but deny any implication it is correct, citing Bether's conclusion the roof was damaged by the September 2019 hailstorm. For these purposes, the court accepts as true Plaintiffs' evidence the roof was damaged by hail in the September 2019 storm.

[17] *Id.* at 7. Plaintiffs admit this is what State Farm's letter stated but deny any implication it is correct. Again, for these purposes, the court accepts as true Plaintiffs' evidence the roof was damaged by the September 2019 hailstorm.

[18] *Id.* at 9; Dkt. 2, *Notice of Removal, Exhibit A: Complaint and Jury Demand.*

[19] Dkt. 2, *Notice of Removal.*

[20] *Motion for Summary Judgment.*

good faith and fair dealing, leaving only their claim for breach of contract.[21] State Farm raises several arguments in support of its Motion for Summary Judgment but, in view of Plaintiffs' concession, only two remain relevant to this Order: (1) State Farm is entitled to summary judgment because Plaintiffs' notice failures constitute a material breach of the Policy which prejudiced State Farm and (2) summary judgment is appropriate because Plaintiffs failed to disclose experts in support of its breach of contract claim.[22]

On March 28, 2024, State Farm filed a Motion to Strike Plaintiffs' Expert Disclosures.[23] The Motion to Strike expressly addresses only two of Plaintiffs' four purported experts—Dave Southam and Amber Hawkins.[24] In their Opposition to the Motion, Plaintiffs concede Hawkins and Southam "may be stricken as expert witnesses in this matter."[25] Considering Plaintiffs' concession, the Motion to Strike is now moot and the court need not engage with it further. Plaintiffs' two remaining experts—Mark Franklin and David Bethers—are relevant to State Farm's summary judgment argument concerning Plaintiffs' alleged disclosure failures, which the court addresses below.

The Motions are now fully briefed and ripe for review.[26]

---

[21] *Summary Judgment Opposition* at 1.

[22] *Motion for Summary Judgment* at 2. State Farm also argues it is entitled to summary judgment because Plaintiffs fail to meet their burden of proving loss within the Policy period. *Id.* at 2. However, it does not address the argument again in its Reply brief and the court understands it to have abandoned the argument. Accordingly, the court considers only the two arguments listed above.

[23] *Motion to Strike*.

[24] *See id.* at 4, 6.

[25] Dkt. 20, *Opposition to Defendant's Motion to Strike Plaintiffs' Expert Disclosures* (*Motion to Strike Opposition*) at 2.

[26] Having thoroughly reviewed the parties' briefs and supporting materials, the court concludes oral argument is not necessary because there are no genuine issues of material fact and State Farm is entitled to judgment as a matter of law. *See Geear v. Boulder Comty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) (holding on a summary judgment motion "[a] formal evidentiary hearing with oral argument . . . is not necessarily required. Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court") (citations omitted).

**LEGAL STANDARD**

Summary judgment shall be granted when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."[27] A dispute is genuine if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[28] A disputed fact is material "if under the substantive law it is essential to the proper disposition of the claim."[29] "Judgment as a matter of law is appropriate when the nonmoving party [fails] to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof."[30]

In ruling on a motion for summary judgment, courts "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party."[31] When determining whether the evidence is sufficient to support judgment as a matter of law, the court's role is not to "weigh the evidence and determine the truth of the matter[,] but to determine whether there is a genuine issue for trial."[32] In other words, whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[33]

---

[27] Fed. R. Civ. P. 56(a).

[28] *Adler v. Wal-Mark Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[29] *Id.* (citing *Liberty Lobby*, 477 U.S. at 248).

[30] *Doe v. City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007)).

[31] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008) (citing *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1222 (10th Cir. 2008)).

[32] *Liberty Lobby*, 477 U.S. at 249.

[33] *Id.*

## ANALYSIS

State Farm argues summary judgment is warranted on Plaintiffs' breach of contract claim because Plaintiffs materially breached policy covenants, resulting in prejudice to State Farm, and because Plaintiffs failed to properly disclose expert witnesses. For the reasons explained below, the court finds State Farm is entitled to summary judgment due to Plaintiffs' material breach of the Policy's notice covenants, which prejudiced State Farm. Because the court finds summary judgment on these grounds appropriate, even considering the evidence from Plaintiffs' disputed experts, it does not further consider State Farm's argument concerning expert disclosures.

### A. Plaintiffs Breached the Notice Provisions of the Policy

State Farm argues it is entitled to summary judgment because Plaintiffs materially breached Policy covenants and the breach prejudiced State Farm.[34] The Policy required Plaintiffs "give immediate notice" to State Farm after a loss and "submit to [State Farm], within 60 days after the loss, [Plaintiffs'] signed, sworn proof of loss which sets forth . . . the time and cause of loss."[35] Viewing the facts in the light most favorable to Plaintiffs, the loss occurred in September 2019.[36] It is undisputed Plaintiffs did not provide notice to State Farm until April 2022.[37] Plaintiffs assert they did not materially breach the Policy covenant because they provided notice as soon as it was reasonably possible to do so, which is sufficient under Utah law, and because State Farm was not prejudiced.[38] The court disagrees.

Several provisions of the Policy between State Farm and Plaintiffs are relevant to the court's analysis. The Policy conditions the provision of insurance for covered losses on

---

[34] *Motion for Summary Judgment* at 9.

[35] *Id.*

[36] *Summary Judgment Opposition* at 5.

[37] *Id.* at 6.

[38] *Id.* at 14.

Plaintiffs' "compliance with all applicable provisions of this policy."[39] One such provision is the requirement Plaintiffs "give immediate notice to [State Farm]" "[a]fter a loss to which this insurance may apply[.]"[40] To comply with the notice provision, Plaintiffs must "submit to [State Farm], within 60 days after the loss, [a] signed, sworn proof of loss which sets forth, to the best of your knowledge and belief . . . the time and cause of loss."[41] Further, the policy only applies to losses occurring "during the period this policy is in effect."[42] In this case, that means losses occurring between October 15, 2018, and October 15, 2019.

Under Utah law, failure to comply with a notice provision in an insurance policy does not necessarily invalidate a claim for coverage.[43] Utah Code § 31A-21-312(1)(b) provides "failure to give any notice or file any proof of loss required by the policy within the time specified in the policy does not invalidate a claim made by the insured, if the insured shows that it was not reasonably possible to give the notice or file the proof of loss within the prescribed time and that notice was given or proof of loss filed as soon as reasonably possible."[44] Further, failure to give notice "does not bar recovery under the policy if the insurer fails to show it was prejudiced by the failure."[45]

Plaintiffs raise several arguments in support of their position they did not materially breach the notice provisions of the Policy. First, the court understands them to argue the terms

---

[39] *Policy* at 010.

[40] *Id.* at 022.

[41] *Id.*

[42] *Id.* at 28.

[43] *See* Utah Code Ann. § 31A-21-312(1)(b).

[44] *Id.*

[45] *Id.* § 31A-21-312(2).

7

of the notice provision are ambiguous and should be construed in their favor.[46] According to Plaintiffs, the Policy is not clear whether the term "immediate" means immediately after the loss occurs or immediately after the insured learns of the loss.[47] Plaintiffs learned of the loss on April 4, 2022, and notified State Farm on April 12, 2022, well within the 60-day notice requirement if the provision means after the insured learns of the loss.[48] Plaintiffs' argument is unpersuasive.

The terms of the notice provision in the Policy are not ambiguous. The plain text of the Policy states Plaintiffs must "give immediate notice" to State Farm "[a]fter a loss to which this insurance may apply[.]"[49] It then further provides that notice is to occur "within 60 days after the loss[.]"[50] Contrary to Plaintiffs argument, it is not ambiguous whether notice must be provided immediately after the loss or immediately after Plaintiffs learned of the loss. The terms are clear that immediate means "within 60 days after the loss."[51]

Plaintiffs next argue that, regardless of the terms of the Policy, under Utah law notice is only required as soon as reasonably possible and their notice within eight days of learning of the loss comports with this standard.[52] According to Plaintiffs, because the damage was located on the roof, it was not reasonably possible for them to provide notice of the September 2019 loss prior to April 2022 when they had a roofer inspect their roof.[53]

---

[46] *Summary Judgment Opposition* at 15 (citing *LDS Hosp. v. Capitol Life Ins. Co.*, 765 P.2d 857, 859 (Utah 1988) (interpreting exclusionary clause "which is susceptible of several interpretations" in favor of the insured)).

[47] *Id.*

[48] *Id.*

[49] *Policy* at 022.

[50] *Id.*

[51] *Id.*

[52] *Summary Judgment Opposition* at 15.

[53] *Id.* at 15–16. Plaintiffs also briefly argue the notice provisions of the Policy are void under Utah law. *Summary Judgment Opposition* at 17. Plaintiffs' present a single conclusory sentence and no authority in support of this argument. This is inadequate. Moreover, the authority cited throughout this Order demonstrate these provisions are standard in insurance policies and routinely enforced.

State Farm contends Plaintiffs fail to show it was not reasonably possible to provide notice sooner than two-and-a-half years after the loss occurred, as required by Utah law.[54] Drawing on Plaintiffs' own facts, Plaintiffs testified the September 2019 storm "was vicious and so strong [they] thought the windows were going to break" and debris left by the storm required a "major . . . cleanup in the yard."[55] Nonetheless, Plaintiffs did not have their roof inspected until 2022—after another storm prompted neighbors to have their roofs replaced.[56] State Farm argues Plaintiffs have failed to show it was not reasonably possible to discover the loss earlier than two-and-a-half years after the storm when they could have had their roof inspected in 2019, just as they did in 2022.[57]

The court agrees with State Farm. Utah courts have long held whether notice was provided as soon as reasonably possible, when relevant facts are not disputed, is a question of law appropriate for judicial determination. In *Dunn v. Metropolitan Life Insurance Company*, the Utah Supreme Court reversed the trial court, holding a motion to dismiss should have been granted because, as a matter of law, "[t]here [was] no evidence in the record from which the conclusion could be drawn that it was not 'reasonably possible' for [plaintiff] to have filed the claim within the time specified in the contract."[58] The Court favorably quoted the Superior Court of Pennsylvania for support:

> We think what is 'reasonably possible' depends upon the facts and circumstances in each particular case, and is a question for the court, and not the jury, when the facts are not in dispute, to decide whether notice was given as required by the terms of the policy. Assuming the truth of all the plaintiff's evidence, the facts

---

[54] *Summary Judgment Reply* at 9.

[55] *Summary Judgment Opposition* at 3, 8.

[56] *Summary Judgment Reply* at 9–10.

[57] *Id.* at 9–10.

[58] 110 P.2d 561, 562 (Utah 1941).

established do not show such due diligence and reasonable effort upon the part of the insured . . . to give notice of the injury as required by its terms.[59]

In *Hunter v. Fireman's Fund Insurance Company*, the Tenth Circuit, applying Utah law, affirmed the district court's finding "as a matter of law" that a plaintiff could not recover on an insurance policy because of a failure to comply with notice conditions in the policy.[60] The lower court determined the plaintiff's provision of notice nearly three years after the 90-days required by the policy violated the policy, and the undisputed facts in the record did not suggest it was not reasonably possible for notice to be provided sooner.[61] The Circuit found "the excuse offered" by the plaintiff for why notice was not provided earlier was "ineffectual."[62] "The plain import" of the policy language and Utah law was "that a failure to furnish proof of loss within 90 days when it was reasonably possible to so do would invalidate a claim."[63]

Cases of more recent vintage continue to follow this long line of precedent. In *Utah Transit Authority v. Liberty Mutual Insurance Company*, another judge in this District, applying the provisions of Utah law at issue here, determined as a matter of law on summary judgment that UTA "clearly failed to file [its] notice of occurrence as soon as reasonably possible, and has failed to show that it was not reasonably possible to give notice within the prescribed time."[64] Similarly, in *8665 North Cove, LLC v. American Family Mutual Insurance Company*, another judge in this District agreed on summary judgment with the insurer's argument that, while "reasonableness may generally be a question of fact . . . what constitutes 'giving notice as soon

---

[59] *Id.* at 563 (quoting *Donnelly v. Metro. Life Ins. Co.*, 113 Pa. Super. 583, 586 (Pa. Super. Ct. 1934)).

[60] 448 F.2d 805, 811 (10th Cir. 1971).

[61] *Id.* at 807.

[62] *Id.* at 810.

[63] *Id.*

[64] No. 2:04-CV-01072, 2006 WL 2992715, at *6 (D. Utah Oct. 18, 2006).

as reasonably possible' under the Policy can be determined as a matter of law in this case."[65] Further, "the question of whether there is coverage under an insurance contract is a question of law."[66]

In this case, the relevant facts are not in dispute and the question of whether Plaintiffs violated the notice provisions of the Policy such that it invalidates their claim is appropriate for judicial determination. The court accepts for these purposes Plaintiffs' contention that damage to their roof resulted from the hailstorm in September 2019. The central question is whether they provided State Farm notice within 60-days of loss—as the Policy requires—or as soon as reasonably possible—as Utah law requires. Plaintiffs provided notice in April 2022, far outside the 60-day window. Further, Plaintiffs have not shown as a matter of law this was as soon as reasonably possible.

Plaintiffs testified the September 2019 storm was "vicious."[67] They were concerned it would break the windows of their house.[68] The aftermath of the storm required a "major" cleanup of their yard.[69] Despite this, they did not inspect their roof after the storm, nor did they have someone else do so. Instead, they waited until 2022 to hire a roofer to inspect the roof.[70] There is no explanation in the record why it was not reasonably possible to do this in 2019 after the claimed loss occurred. Even accepting the truth of Plaintiffs' evidence, "the facts established do not show such due diligence and reasonable effort upon the part of the insured . . . to give

---

[65] No. 2:12CV237DAK, 2014 WL 2777467, at *3 (D. Utah June 19, 2014).

[66] *Id.* (citing *S.W. Energy Corp. v. Cont'l Ins. Co.*, 974 P.2d 1239, 1242 (Utah 1999)).

[67] *Opposition to Summary Judgment* at 8.

[68] *Id.*

[69] *Id.* at 3.

[70] *Id.* at 4.

notice of the injury" as mandated by the terms of the Policy.[71]  Plaintiffs did not provide notice to State Farm within 60-days of the loss in September 2019, as required by their Policy.  And, they have failed to show it was not reasonably possible to provide such notice until April 2022, as required by Utah law.  Accordingly, the court finds Plaintiffs have failed to comply with the applicable notice provisions of their Policy.

### B. Plaintiffs' Breach Prejudiced State Farm

However, a finding that Plaintiffs breached the terms of the Policy does not necessarily invalidate their claim.  Under Utah law, State Farm may withhold coverage "only upon proof of 'materiality' of the breach, or prejudice to the non-breaching party."[72]  As provided by Utah Code § 31A-21-312(2), "[f]ailure to give notice or file proof of loss . . . does not bar recovery under the policy if the insurer fails to show it was prejudiced by the failure."[73]  The court now considers whether State Farm has established it was prejudiced by Plaintiffs' breach of the Policy's notice provisions.

State Farm argues it was prejudiced by Plaintiffs' two-and-a-half-year delay because the delay deprived it of the ability to properly investigate the claim.[74]  As Plaintiffs testified, they experienced a large hailstorm in September 2019, just weeks before the Policy expired.[75]  However, they did nothing to confirm any damage to their roof until April 2022.[76]  During that two-and-a-half years, the roof was subject to additional wear and tear and exposure to other

---

[71] *Dunn*, 110 P.2d at 563 (quoting *Donnelly*, 113 Pa. Super. at 586).

[72] *McArthur v. State Farm Mut. Auto. Ins. Co.*, 274 P.3d 981, 987 (Utah 2012).

[73] Utah Code Ann. § 31A-21-312(2).

[74] *Motion for Summary Judgment* at 10.

[75] *Summary Judgment Opposition* at 3.

[76] *Id.* at 3–4.

storms, all occurring outside of the Policy period.[77] This includes at least one other large hailstorm, as testified to by Plaintiffs.[78] Plaintiffs did not inspect or otherwise document damage to their roof until April 2022, after noticing several neighbors replacing their roofs.[79] According to State Farm, Plaintiffs' material breach of the Policy covenants prejudiced State Farm by making it "impossible to confirm [Plaintiffs'] claims."[80]

In their Opposition, Plaintiffs argue State Farm does not provide evidence or explain why it was prejudiced by the delay.[81] Plaintiffs contend State Farm's assertion it was prejudiced by the two-and-a-half-year delay is "conclusory" and "reads the prejudice element of the insurer's burden in [the] statute out of existence."[82] The court disagrees.

State Farm's prejudice showing is well-supported by on-point caselaw. In *Utah Transit Authority*, the court found the insurer was prejudiced by the plaintiff's untimely notice because as a result of the "failure to timely notify [the insurer] of the occurrences that led to the current claim, [the insurer] did not have the opportunity to investigate the current claim, participate in the decision to [repair or replace the insured property], or defend against the loss."[83]

Likewise, in *8665 North Cove,* the court granted an insurer summary judgment on the plaintiffs' breach of contract claim because a delay in providing notice of loss did not meet the policy's requirement to provide notice as soon as reasonably possible and the insurer was prejudiced by the delay.[84] The North Cove plaintiffs did not provide notice of a claim for loss

---

[77] *Motion for Summary Judgment* at 10.

[78] *Id.*

[79] *Id.*

[80] *Id.*

[81] *Summary Judgment Opposition* at 16.

[82] *Id.*

[83] 2006 WL 2992715, at *7.

[84] 2014 WL 2777467, at *4.

13

under a homeowners insurance policy for over two-and-a-half-years after the alleged loss.[85] Plaintiffs in the case did not present evidence why they waited to make a claim and had made "substantial repairs to the property prior to providing notice."[86] By the time the North Cove plaintiffs filed their claim, the passage of time and intervening changes to the property "depriv[ed] American Family of the opportunity to examine the alleged damages, investigate the damage properly, or to participate in any repair decisions."[87] Rejecting plaintiffs' arguments to the contrary, the court found "this constitutes prejudice."[88]

      The same conclusion is required here. Contrary to Plaintiffs' assertion, State Farm's prejudice argument is not conclusory and is well-supported. Just as in *8665 North Cove*, Plaintiffs here waited two-and-a-half-years to submit notice to State Farm. Though Plaintiffs did not endeavor to repair their roof in that time, years of additional wear and tear—including from other hailstorms—accumulated. By the time Plaintiffs notified State Farm of the loss in April 2022, State Farm could not properly investigate the claim to determine if the damage occurred during the Policy period, as required for coverage. Years of potential alteration made it impossible to determine whether the roof as it appeared in April 2022, was the same as it would have appeared in September 2019. An inspection of the roof in 2022 would tell State Farm nothing about whether damage was from September 2019 or from the intervening years. Plaintiffs' delay, which, as discussed above, violated the terms of the Policy and the requirement to provide notice as soon as reasonably possible, prejudiced State Farm by depriving it of the opportunity to examine and properly investigate the alleged damages.

---

[85] *Id.* at *3.

[86] *Id.*

[87] *Id.*

[88] *Id.*

In sum, Plaintiffs' delay in providing notice to State Farm was a material breach of the Policy and prejudiced State Farm. As a matter of law, Plaintiffs were not entitled to coverage under the Policy and State Farm did not breach the Policy when it denied coverage of Plaintiffs' claim. Therefore, State Farm is entitled to summary judgment on Plaintiffs' breach of contract cause of action.

## CONCLUSION

For the reasons stated, State Farm's Motion to Strike[89] is DENIED as moot and its Motion for Summary Judgment[90] is GRANTED. The court GRANTS summary judgment in State Farm's favor on Plaintiffs' sole breach of contract claim. The Clerk of Court is directed to close the case.

SO ORDERED this 29th day of April 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[89] Dkt. 14.
[90] Dkt. 13.